UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC TATE,<br><br>        Plaintiff,<br><br>    v.<br><br>KATHLEEN L. DICKINSON,<br><br>        Defendant. | No. 2:13-cv-2393-WBS-EFB P<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint, plaintiff seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

**I.   Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.   Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).  While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. at 1949.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**III.    Screening Order**

The court has reviewed plaintiff's complaint pursuant to section 1915A, and finds that it must be dismissed for failure to state a claim upon which relief may be granted.  Plaintiff claims that he is Muslim, and that defendant Kathleen Dickinson is violating his rights under the U.S. Constitution and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1

(hereinafter, "RLUIPA"). ECF No. 1, ¶ 1, § V. According to plaintiff, Dickinson issued a memorandum imposing various limits on inmates' religious personal property. *Id.*, Ex. A. As a result of the memorandum, plaintiff claims he is "only allowed to purchase five (5) pre-selected fragrances of . . . Islamic prayer oils even though there are well over simply five (5) selectable oils to choose from." *Id.* ¶ 5. Plaintiff claims that the Prophet "used thousands of different prayer oils of his choice." *Id.* ¶ 10. As a follower of the Prophet, "Plaintiff seeks to do likewise." *Id.* Plaintiff claims that the limited selection of prayer oils is "without penological justification," and that because of the limitation, he "is unable to enjoy other fragrances as his Holy Prophet (PBUH) did." *Id.* ¶¶ 4, 11.

The memorandum, attached to plaintiff's complaint, references a matrix, which is also attached to the complaint. *See id.*, Ex. B ("Religious Personal Property" matrix, listing the five available oils). Although the matrix only lists five oils, the memorandum explains that inmates can make requests for items that are not listed on the matrix. *Id.*, Ex. A (explaining that such requests would be "processed through the local Chaplains and Religious Review Committees (RRC) for recommendation, and the forwarded to the Religious [Wardens Advisory Group] to determine if there are statewide implications prior to approval"). Plaintiff does not allege that ever complied with the procedure for requesting an oil that is not listed on the matrix. *See id.*

The Free Exercise Clause of the First Amendment provides, "Congress shall make no law . . . prohibiting the free exercise" of religion. U.S. CONST., amend. I. Only those beliefs that are sincerely held and religious in nature are entitled to constitutional protection. *See Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008) (plaintiff must show that the activity is both "sincerely held" and "rooted in religious belief"). To state a free exercise claim, plaintiff must demonstrate that the defendant burdened the practice of his religion by preventing him from engaging in conduct which is mandated by his religion, without justification that is reasonably related to legitimate penological interests. *See Freeman v. Arpaio*, 125 F.3d 732, 736 (9th Cir. 1997).

RLUIPA provides that "no [state or local] government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution," unless the

government shows that the burden furthers "a compelling government interest" by "the least restrictive means." 42 U.S.C. § 2000cc-1(a)(1)-(2). "Religious exercise" includes "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." *Id.* § 2000cc-5(7)(A). A "substantial burden" is one that imposes a significantly great restriction or onus on religious exercise. *San Jose Christian College v. City of Morgan Hill*, 360 F.3d 1024, 1034-35 (9th Cir. 2004).

In this case, plaintiff has not been denied *all* access to prayer oil, as there currently are five different oils available to him. Numerous courts have determined that limitations on the amount of prayer oil an inmate may purchase or possess at any given time do not violate RLUIPA or the free exercise clause. *See, e.g., Lewis v. Ollison*, 571 F. Supp. 2d 1162, 1171 & 1173 (C.D. Cal. 2008) (prison policy limiting amount of prayer oil an inmate may possess does not violate inmate's rights under First Amendment or RLUIPA); *Castle v. Hedgpeth*, No. 1:08-cv-1754-AWI-SMS, 2011 U.S. Dist. LEXIS 82289, at *27 (E.D. Ca. July 26, 2011) (defendants entitled to qualified immunity, as there was no "authority that would have reasonably placed Defendants on notice that prohibiting Plaintiff from possessing prayer oil in his cell would violate the First Amendment"); *Campbell v. Almeida*, No. C 03-4984 PJH (PR), 2006 U.S. Dist. LEXIS 73111, (N.D. Cal. Sept. 25, 2006) (inmate's First Amendment rights not violated by refusal to allow him to possess prayer oil in his cell; defendants entitled to qualified immunity as the right is not clearly established under either the First Amendment or RLUIPA). Similarly, there is no showing here that the limited selection of five oils violates plaintiff's rights under the First Amendment or RLUIPA. Plaintiff has not shown that the prayer oil limitation prevents him from engaging in conduct which is mandated by his faith, or otherwise imposes a substantial burden on the exercise of his faith. Plaintiff's mere preference for a larger variety of oils to choose from is not sufficient to state a cognizable claim. That is, plaintiff has not shown that under the First Amendment or RLUIPA, he is entitled to more than the five oils from which may already choose. *See Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1125 (9th Cir. 2013) (dismissing First Amendment and RLUIPA claims where plaintiffs were seeking greater services than those already provided).

4

     Moreover, plaintiff's own complaint demonstrates that he is not necessarily limited to only five oils.  There is a procedure by which plaintiff can request additional prayer oils.  Plaintiff does not allege that ever complied with this procedure, and the administrative appeals, referenced in and attached to the complaint, indicate that he has not.  *See, e.g.,* ECF No. 1, Ex. H.  Plaintiff fails to show how abiding by such a procedure would prevent or impose a substantial burden on the exercise of his religion.  *See Davis v. Powell*, 901 F. Supp. 2d 1196, 1229, 1232 (S.D. Cal. 2012) (dismissing First Amendment and RLUIPA claims that prison policy made it more difficult to order prayer oil, as there was no showing that the policy prevented plaintiff from engaging in a practice fundamental to his faith or otherwise imposed a substantial burden).

     Regardless, as set forth above, plaintiff has not shown that by limiting his selection of prayer oils to five, prison officials are violating his rights under the First Amendment or RLUIPA.  For these reasons, the complaint must be dismissed.  As the defects in plaintiff's claims could not be cured through further amendment, the court recommends that the complaint be dismissed without leave to amend.  *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009); *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (internal quotation marks omitted)); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

     Accordingly, IT IS HEREBY ORDERED that plaintiff's application to proceed in forma pauperis (ECF No. 8) is granted and plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

     Further, IT IS HEREBY RECOMMENDED that this action be dismissed without leave to amend for failure to state a claim and the Clerk of the Court shall close the case.

     These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  June 24, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE